Gary M. Messing, Bar No. 75363
  gary@majlabor.com
Monique Alonso, Bar No. 127078
  monique@majlabor.com
**MESSING ADAM & JASMINE LLP**
980 9th Street, Suite 380
Sacramento, California 95814
Telephone:    916.446.5297
Facsimile:    916.448.5047

Attorneys for
Defendant LOS RIOS CLASSIFIED
EMPLOYEES ASSOCIATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE KURK, *individual*; and SUSAN SHROLL, *individual*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION; SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 620; LOS RIOS COMMUNITY COLLEGE DISTRICT; SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT; JOHN KNIGHT, in his official capacity as President of the Board of Trustees of the Los Rios Community College District; ERIC PRATER in his official capacity as Superintendent of the San Luis Coastal Unified School District; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>　　　　Defendants. | Case No. 2:19-cv-00548-KJM-DB<br><br>**DEFENDANT LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION'S ANSWER TO COMPLAINT** |

Defendant Los Rios Classified Employees Association ("LRCEA"), by its undersigned counsel, states as follows in answer to the Complaint of plaintiffs Kristine Kurk and Susan Shroll ("the "Complaint"), ECF No. 1. Except as expressly admitted below, all allegations are denied.

## **ANSWER**

1. The allegations in paragraph 1 state legal argument and legal conclusions to which no response is required. To the extent paragraph 1 states otherwise, LRCEA denies any such allegations.

2. LRCEA admits the allegations of paragraph 2 as to plaintiff Kurk. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegation with respect to plaintiff Shroll, and on that basis denies the allegation.

3. LRCEA admits the allegation of paragraph 3 as to plaintiff Kurk. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegation with respect to plaintiff Shroll, and on that basis denies the allegation.

4. LRCEA denies the allegation of paragraph 4 as to plaintiff Kurk. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegation with respect to plaintiff Shroll, and on that basis denies the allegation.

5. LRCEA denies that it is "forcing [plaintiff Kurk] to continue to associate with and financially support" the Union. The balance of allegations in paragraph 5 state legal argument and legal conclusions to which no response is required.

6. The allegations in paragraph 6 state legal argument and legal conclusions to which no response is required.

7. The allegations in paragraph 7 state legal argument and legal conclusions to which no response is required.

8. The allegations in paragraph 8 state legal conclusions to which no response is required.

9. The allegations in paragraph 9 state legal conclusions to which no response is required.

1     10.     The allegations in paragraph 10 state legal conclusions to which no response is required.

11.     The allegations in paragraph11 state legal conclusions to which no response is required.

12.     The allegations in paragraph 12 state legal conclusions to which no response is required.

13.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of where plaintiff Kurk resides. LRCEA admits that Kurk is employed by the employee benefits division of the Los Rios Community College District and that the LRCEA is designated as the exclusive representative of the union to which Kurk belongs.

14.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 14.

15.     LRCEA admits that it is a recognized employee organization headquartered in Sacramento, California.

16.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 16.

17.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 17.

18.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 18.

19.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 19.

20.     LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 20.

21.     LRCEA admits that defendant Xavier Becerra is the Attorney General of California and that he is sued in his official capacity. The remaining allegations of paragraph 21 state legal conclusions to which no response is required.

22.     LRCEA admits the allegations of paragraph 22.

23. LRCEA admits the allegations of paragraph 23.

24. The allegations in paragraph 24 state legal conclusions for which no response is required.

25. Paragraph 25 quotes from Section 3.1.2 of the Collective Bargaining Agreement, which speaks for itself and requires no response.

26. LRCEA admits the allegations of paragraph 26.

27. LRCEA admits that Kurk attempted to resign her membership in September 2018 by a pre-printed form letter with her name and the date entered.

28. LRCEA admits that it sent an email to Kurk in response to her attempted resignation, and denies the balance of allegations in paragraph 28.

29. LRCEA admits, to the best of its knowledge, that Los Rios Community College District "continues to deduct dues from plaintiff Kurk, and denies the balance of allegations in this paragraph.

30. LRCEA admits that it has continued to accept union dues from Kurk's wages, and denies the balance of allegations in this paragraph.

31. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 31.

32. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 32.

33. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 33.

34. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 34.

35. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 35.

36. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 36.

37. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 37.

38. LRCEA lacks sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 38.

39. LRCEA denies the allegations of paragraph 39.

40. LRCEA denies the allegations of paragraph 40.

41. LRCEA denies the allegations of paragraph 41.

42. The allegations in paragraph 42 state legal argument and legal conclusions for which no response is required. To the extent that paragraph 42 contains any allegations other than legal argument and legal conclusions, LRCEA denies those allegations.

43. The allegations in paragraph 43 state legal argument and legal conclusions for which no response is required. To the extent that paragraph 43 contains any allegations other than legal argument and legal conclusions, LRCEA denies those allegations.

44. The allegations in paragraph 44 state legal argument and legal conclusions for which no response is required.

45. The allegations in paragraph 45 state legal argument and legal conclusions for which no response is required. To the extent that paragraph 45 contains any allegations other than legal argument and legal conclusions, LRCEA denies those allegations.

46. The allegations in paragraph 46 state legal argument and legal conclusions for which no response is required.

47. The allegations in paragraph 47 state contains legal argument and legal conclusions for which no response is required.

48. The allegations in paragraph 48 state legal argument and legal conclusions for which no response is required.

49. The allegations in paragraph 49 state legal argument and legal conclusions for which no response is required.

50. The allegations in paragraph 50 state legal argument and legal conclusions for which no response is required.

51. LRCEA denies the allegations in paragraph 51.

52. The allegations in paragraph 52 state legal argument and legal conclusions for which no response is required.

53. The allegations in paragraph 53 state legal argument and legal conclusions for which no response is required.

## PRAYER FOR RELIEF

LRCEA denies that plaintiff Kurk is entitled to the relief requested or to any relief whatsoever. The Prayer for Relief contains legal argument and legal conclusions for which no response is required. To the extent that the Prayer for Relief contains any allegations other than legal argument and legal conclusions, LRCEA denies those allegations or lacks sufficient knowledge or information to admit or deny the truth of the allegations. LRCEA denies that it acted in violation of any law, and that it has violated the constitutional rights of plaintiff Kurk by any action alleged in the Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint, LRCEA alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

*(Lack of Subject Matter Jurisdiction)*

This Court lacks subject matter jurisdiction over this matter.

## SECOND AFFIRMATIVE DEFENSE

*(Failure to State a Claim on Which Relief May be Granted)*

As to each and every claim alleged therein as to LRCEA, the Complaint fails to state sufficient facts on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

Plaintiff Kurk's claims are barred by the applicable statute(s) of limitations to the extent she seeks relief for action outside the applicable limitations period.

## FOURTH AFFIRMATIVE DEFENSE

*(No Standing)*

Plaintiff Kurk lacks standing to bring all or some of the claims, which are therefore barred.

## FIFTH AFFIRMATIVE DEFENSE

*(Good Faith)*

At all relevant times herein, LRCEA has complied in good faith with the law in effect at the time, and acted in accordance with state statute, regulations, and controlling state and federal court, and U.S. Supreme Court precedent.

## SIXTH AFFIRMATIVE DEFENSE

*(Unjust Enrichment)*

Plaintiff Kurk's claim for monetary relief is barred because such relief would constitute unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

*(Qualified Immunity)*

LRCEA is entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

*(Equitable Estoppel)*

Plaintiff Kurk is estopped from seeking monetary relief because she received the benefits of representation by LRCEA.

## NINTH AFFIRMATIVE DEFENSE

*(Consent)*

Plaintiff Kurk's claims are barred because she consented to the actions that she challenge.

## TENTH AFFIRMATIVE DEFENSE

*(Failure to Exhaust Remedies)*

Plaintiff Kurk has failed to exhaust her administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

*(Off-Set)*

Any relief awarded to plaintiffs Kurk must be offset by the benefits she received from representation by LRCEA.

## TWELFTH AFFIRMATIVE DEFENSE

*(Non-Possession)*

The funds plaintiff Kurk seeks to recover are not in the possession of LRCEA.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Mootness)*

Plaintiff Kurk's claims for declaratory and injunctive relief are moot.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Laches)*

Plaintiff Kurk's claims are barred by laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Proximate Cause)*

Any and all injuries and damages allegedly caused by LRCEA, if there are or were any such injuries and damages, were incurred as a direct and proximate result of plaintiff Kurk's own actions, conduct, and/or inactions, and LRCEA is not the proximate cause of any such injuries or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Preemption)*

Plaintiffs' claims are each preempted by the Meyers-Milias-Brown Act and the jurisdiction of the California Public Employment Relations Board.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*(Authorization and Ratification)*

The Complaint, and each and every purported claim alleged therein, is barred because plaintiff Kurk authorized and ratified the actions that are the subject of her claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

*(No Breach of Duty)*

LRCEA did not breach any duty or obligation owed to plaintiff Kurk.

## NINETEENTH AFFIRMATIVE DEFENSE

*(Adequate Remedy at Law)*

Plaintiff Kurk is barred from seeking equitable relief because she has an adequate remedy at law.

## PRAYER

WHEREFORE, defendant LRCEA prays for judgment and relief as follows:

1. For a judgment of this Court in favor of LRCEA and against plaintiff Kurk as to each and every cause of action asserted in the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. For costs of suit herein, including reasonable attorneys' fees to the extent permitted by law, including plaintiffs' bad faith or, in the event a statutory offer is made and plaintiff Kurk is awarded less than the statutory offer, there exist circumstances under which LRCEA will be entitled to fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: June 25, 2019

Respectfully submitted,

MESSING ADAM & JASMINE LLP

By    */s/ Monique Alonso*
Monique Alonso
Attorneys for Defendant
LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION