Karin Sweigart, Cal. Bar No. 247462
Email: ksweigart@freedomfoundation.com
Mariah Gondeiro, Cal. Bar No. 323683
Email: mgondeiro@freedomfoundation.com
Freedom Foundation
P.O. Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| KRISTINE KURK,<br><br>    Plaintiff,<br><br>v.<br><br>LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION, *et al.*,<br><br>    Defendants. | Case No.: 2:19-cv-00548-KJM-DB<br><br>**JOINT STATUS REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Status Conference (Dkt. 3), Plaintiff Kristine Kurk ("Plaintiff" or "Kurk") and Defendants Los Rios Classified Employees Association ("LRCEA" or the "Union") and California Attorney General Xavier Becerra ("Attorney General Becerra"), by and through their respective counsel of record, submit this Joint Status Report, including Rule 26(f) discovery plan.[1]

---

[1] Plaintiff and Defendant Los Rios Community College District (the "District") entered into a Stipulation of Non-Opposition (Dkt. 17) on June 17, 2019. Accordingly, the District elected not to participate in the Rule 26(f) conference or in the drafting of this report.

JOINT STATUS REPORT - 1

**(a) Summary of Claims**

*Plaintiff's Summary*: The LRCEA compels Kurk to remain a member of the LRCEA and pay dues until the expiration of the LRCEA's collective bargaining agreement with the Los Rios Community College District. Neither California statutes nor collective bargaining agreements can force Kurk to remain a union member or provide the required affirmative consent to deduct dues as determined by the Supreme Court in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). Pursuant to 42 U.S.C. § 1983, Kurk seeks injunctive and declaratory relief, damages for the violation of her First and Fourteenth Amendment rights, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

*Defendant LRCEA's Summary*: Plaintiff Kurk is a member of the LRCEA who sought to withdraw her membership in September 2018, following the Supreme Court's ruling in *Janus*. The LRCEA reminded Plaintiff at the time of her attempted resignation that she could withdraw only during the window period set forth in the collective bargaining agreement ("CBA") between the District and the LRCEA, i.e., one month before the June 30, 2020 expiration of the CBA. The District continues to deduct membership fees from Plaintiff's payroll and remit them to the LRCEA. *Janus* does not affect Plaintiff's membership with the LRCEA because the decision concerned non-members only. Moreover, Plaintiff's membership with the LRCEA is governed by her voluntary membership contract with the Union pursuant to the dues check-off form signed by her on enrolling in the Union in 1997, and by the terms and conditions of the CBA governing her membership. Further, she cannot maintain an action for violation of her First and Fourteenth Amendment rights by the LRCEA because there is no state action as a matter of law. LRCEA joins in the summary of Attorney General Becerra as well.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

*Defendant Becerra's Summary*: Attorney General Becerra incorporates by reference Defendant LRCEA's summary and further adds that the challenged statutes are constitutional. *Janus* does not support the proposition that a union member has a right to immediately resign union membership and cease paying dues, and LRCEA's deductions do not constitute state action, nor is LRCEA a state actor.

**(b) Status of Service**

All named Defendants have been served.

**(c) Joinder of Additional Parties**

Neither Plaintiff nor Defendants anticipate joinder of additional parties at this time.

**(d) Contemplated Amendments to the Pleadings**

The parties do not anticipate subsequent amendment to the pleadings at this time.

**(e) Statutory Bases for Jurisdiction and Venue**

The Court has jurisdiction pursuant to 28 U.S.C. § 1343, because Plaintiff seeks relief under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391.

**(f) Discovery**

    **(1) Initial Disclosures**

Plaintiff and Defendants have agreed to exchange Initial Disclosures pursuant to Rule 26(a)(1) on August 1, 2019.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**(2) Subjects of Discovery**

*Plaintiff's Statement*: Plaintiff states that the scope of anticipated discovery includes the categories of documents identified in Plaintiff's Rule 26(a) initial disclosures, including: correspondence between the Parties, their respective agents/representatives, and third parties, regarding union membership, membership status, union representation, dues deductions, objections made by Plaintiff and other members of the bargaining unit to dues deductions, and responses given by Defendants in connection with objections to union membership; forms signed by Plaintiff; membership and LRCEA's dues deduction policies; and evidence pertaining to the nature and amount of damages to which Plaintiff will be entitled if she is able to establish liability. Plaintiff further states that discovery will be necessary on some or all of Defendants' affirmative defenses.

*Defendant LRCEA's Statement*: Defendant LRCEA anticipates deposition and written discovery regarding Plaintiff's membership in LRCEA, including her knowledge of and agreement to the contractual procedures for withdrawal from LRCEA, her activity in LRCEA, her attempt to resign, her use of Union benefits, and evidence pertaining to the nature and amount of damages claimed by Plaintiff.

*Defendant Becerra's Statement*: Attorney General Becerra anticipates depositions and written discovery as forecasted above, as well as expert discovery on topics including, but not limited to, legislative intent for relevant sections of the California Government Code, the collective bargaining system and the role of unions within that system, and the administration of dues deductions for public employees. For that reason, Attorney General Becerra believes that

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

discovery should be conducted in phases based on the following unopposed schedule, which comports with the Parties' proposed discovery cut-off date of March 23, 2020:

- January 17, 2020 - Cutoff for fact discovery, including the filing of non-dispositive motions;
- February 14, 2020 – Deadline for the hearing of discovery motions;
- March 6, 2020 - Deadline for exchanging expert reports; and
- March 23, 2020 - Deadline for rebuttal reports, if any.

The Parties have discussed that a stipulated confidentiality protective order may be necessary. The Parties also agree to consider, in addition to protections under Federal Rule of Evidence 502(b), entering into a clawback or other agreement relating to materials that might be inadvertently produced. Privilege claims should be made at the time discovery responses are served, unless otherwise agreed by the Parties.

The Parties agree to e-mail service of discovery requests and responses, when possible.

Further, the Parties agree that, unless a different form is sought in the pertinent discovery request, electronically stored information will be produced in a searchable .pdf or .tiff format. The Parties intend to comply with all requirements regarding preservation of discoverable information.

Finally, the Parties do not believe a further discovery conference will be necessary but propose submitting a joint status report to the Court by December 3, 2019, that addresses the status of discovery, whether the parties anticipate filing discovery motions, and any other changes in the case.

JOINT STATUS REPORT - 5

**(3) Changes to Limitations on Discovery**

Attorney General Becerra has requested, and Plaintiff's counsel has agreed, to allow for 45 days to respond to any discovery request made to a government official or entity. The Parties do not anticipate additional changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**(4) Disclosure of Expert Witnesses**

At this time, Plaintiff and LRCEA does not intend to call any expert witnesses. Attorney General Becerra contemplates expert discovery as discussed in section (f)(2), *supra*.

**(5) Discovery Cut-Off**

The Parties agree to a proposed date of March 23, 2020 for discovery cut-off.

**(g) Motions**

The Parties propose a date of June 12, 2020, by which all non-discovery motions shall be heard. Each party will likely file a motion for summary judgment after the completion of discovery. The Parties propose the following briefing schedule for the motions for summary judgment:

- April 17, 2020 – Motions for Summary Judgment Due
- May 15, 2020 – Opposition to Motions for Summary Judgment Due
- May 29, 2020 – Reply Briefs in Support of Motions for Summary Judgment Due

**(h) Avoiding Unnecessary Proof and Cumulative Evidence**

In the interest of judicial economy, the Parties will endeavor to avoid unnecessary proof and cumulative evidence when possible. At this time, the parties do not anticipate limitations or restrictions on the use of testimony under Federal Rule of Evidence 702.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**(i) Pretrial Conference**

The Parties propose August 24, 2020, for the final pretrial conference.

**(j) Trial**

The Parties propose September 21, 2020 for trial. The Parties estimate the trial will take two days and no Party has demanded a jury trial.

**(k) Special Procedures**

The Parties do not believe special procedures are necessary for this case.

**(l) Modification of Pretrial Procedures**

The Parties do not believe modification of the standard pretrial procedures is necessary.

**(m) Related Cases**

The Parties are not aware of related cases in this district within the meaning of Local Rule 123. Attorney General Becerra notes that numerous cases have been filed in this district and across the United States seeking immediate cessation of union dues deductions following plaintiffs' resignations from their unions and relying on the U.S. Supreme Court's decision in *Janus*, 138 S. Ct. 2448 (2018). None of those cases involve Plaintiff Kurk or LRCEA.

**(n) Settlement Discussions and Voluntary Dispute Resolution (VDR)**

Due to the nature of the constitutional questions involved, Plaintiff and Attorney General Becerra do not believe this case is appropriate for VDR. Defendant LRCEA has made a settlement offer to Plaintiff, which was rejected. Although Defendant LRCEA is willing to participate in VDR, Plaintiff's position indicates that it would be fruitless.

**(o) Other Matters**

The Parties have no other matters to discuss with the Court at this time.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Dated: July 25, 2019					Respectfully submitted,

							/s/ Karin Sweigart

							Karin Sweigart
							Mariah Gondeiro

							FREEDOM FOUNDATION

							Attorneys for Plaintiff
							KRISTINE KURK

Dated: July 25, 2019					Respectfully submitted,

							MESSING ADAM & JASMINE

							/s/ Monique Alonso
							(as authorized on 7/25/2019)
							_____
							G<small>ARY</small> M. M<small>ESSING</small>
							M<small>ONIQUE</small> A<small>LONSO</small>

							Attorneys for Defendant
							LOS RIOS CLASSIFIED
							EMPLOYEES ASSOCIATION

Dated: July 25, 2019					Respectfully submitted,

							X<small>AVIER</small> B<small>ECERRA</small>
							Attorney General of California
							A<small>NTHONY</small> R. H<small>AKL</small>
							Supervising Deputy Attorney General

							/s/ Maureen Onyeagbako
							(as authorized on 7/25/2019)
							_____
							M<small>AUREEN</small> C. O<small>NYEAGBAKO</small>
							Deputy Attorney General
							*Attorneys for Defendant*
							XAVIER BECERRA, IN HIS OFFICIAL
							CAPACITY AS CALIFORNIA
							ATTORNEY GENERAL

JOINT STATUS REPORT - 8

# CERTIFICATE OF SERVICE

I certify that on July 25, 2019, a copy of the foregoing Joint Status Report was filed electronically in this case. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Karin Sweigart</u>
Karin Sweigart

*Counsel for Plaintiffs*



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874