1    Gary M. Messing, Bar No. 75363
        gary@majlabor.com
2    Monique Alonso, Bar No. 127078
        monique@majlabor.com
3    **MESSING ADAM & JASMINE LLP**
     980 9ᵗʰ Street, Suite 380
4    Sacramento, California 95814
     Telephone:    916.446.5297
5    Facsimile:    916.448.5047

6    Attorneys for Defendant
     LOS RIOS CLASSIFIED EMPLOYEES
7    ASSOCIATION

8
                    **UNITED STATES DISTRICT COURT**
9
                    **EASTERN DISTRICT OF CALIFORNIA**
10

11
     KRISTINE KURK, *individual*; and SUSAN        Case No. 2:19-cv-00548-KJM-DB
12   SHROLL, *individual*,
                                                    **STATEMENT OF RECENT DECISION IN**
13            Plaintiffs,                           **SUPPORT OF DEFENDANT LOS RIOS**
                                                    **CLASSIFIED EMPLOYEES**
14            v.                                    **ASSOCIATION'S MOTION FOR**
                                                    **SUMMARY JUDGMENT**
15   LOS RIOS CLASSIFIED EMPLOYEES
     ASSOCIATION; SERVICE EMPLOYEES              Date:        September 25, 2020
16   INTERNATIONAL UNION LOCAL 620;             Time:        10:00 a.m.
     LOS RIOS COMMUNITY COLLEGE                  Crtrm.:      3
17   DISTRICT; SAN LUIS COASTAL UNIFIED
     SCHOOL DISTRICT; JOHN KNIGHT, in his
18   official capacity as President of the Board of
     Trustees of the Los Rios Community College
19   District; ERIC PRATER in his official
     capacity as Superintendent of the San Luis
20   Coastal Unified School District; and XAVIER
     BECERRA, in his official capacity as
21   Attorney General of California,

22            Defendants.

23

24            Defendant Los Rios Classified Employees Association herewith submits recent authority

25   decided after submission of the papers and relevant to its Motion for Summary Judgment in the

26   above-captioned matter.

27   / / /

28   / / /

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

Attached hereto as Exhibit A is a true and correct copy of the September 8, 2020, order of the Honorable Dana M. Sabraw granting the Defendant's Motion to Dismiss in *Savas v. California State Law Enforcement Agency, et al.* Case No. 20-cv-0032-DMS-DEB (S.D. Cal.).

Dated: September 10, 2020        MESSING ADAM & JASMINE LLP


By        */s/ Monique Alonso*
            Gary M. Messing
            Monique Alonso
            Attorneys for Defendant
            LOS RIOS CLASSIFIED EMPLOYEES
            ASSOCIATION

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

00093690-1

2

STATEMENT OF RECENT DECISION IN SUPPORT OF DEFENDANT LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAVAS, et al., individually and on behalf of all other similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE LAW ENFORCEMENT AGENCY, a labor organization; BETTY YEE, in her official capacity as State Controller of California; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>                              Defendants. | Case No.:  20-cv-00032-DMS-DEB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court are two separate motions to dismiss Plaintiffs' claims: one filed by Defendant California Statewide Law Enforcement Association[1] ("CSLEA" or "the union"), and one filed by Defendants Betty Yee and Xavier Becerra (the "State Defendants").  Plaintiffs filed an opposition to each motion, and CSLEA and the State

---

[1]  On the docket, Defendant is listed as "California State Law Enforcement Agency," but refers to itself in its motion as "California Statewide Law Enforcement Association." (CSLEA's Mot. at 1).

1

Defendants each filed a reply brief. For the following reasons, the Court grants Defendants' motions to dismiss.

## I.

## BACKGROUND

Plaintiffs are lifeguards employed by the California Department of Parks and Recreation.  (First Amended Complaint ("FAC") ¶ 35).  CSLEA represents Plaintiffs exclusively in collective bargaining.   (*Id.* ¶ 36).  Plaintiffs joined CSLEA by signing a membership application.  (*Id.* ¶ 41).  CSLEA's membership application, in relevant part, authorized dues deductions from employees' wages and stated there are limitations on the time period in which an employee can withdraw as a member of the union.  Specifically, it read: "I elect to become a member of CSLEA and the applicable affiliate organization for my classification and department. I hereby authorize deduction from my salary of CSLEA/Affiliate dues. […] Per the Unit 7 contract and State law, there are limitations on the time period for withdrawal from membership." (Ex. 2 to FAC).  Plaintiffs allege they were not provided with a copy of the "Unit 7" contract, nor were they directed to where they could find that contract.  (FAC ¶ 43).  Nevertheless, Plaintiffs signed membership applications and became members of the union.  (*Id.* ¶ 41).

Plaintiffs allege that if a lifeguard did not sign the membership application, they were required to pay "an automatic fee greater than or equal to the amount of full union dues."  (*Id.* ¶ 49).  In 2018, this type of agency fee scheme was struck down in *Janus v. AFSCME, Council 31*, --- U.S. ----, 138 S. Ct. 2448 (2018), in which the Supreme Court held that the deduction of union dues or "fair-share" agency fees from nonmembers of a union violated the nonmember employees' First Amendment rights, absent affirmative consent.   138 S. Ct. at 2846.  Following the decision in *Janus*, California's Public Employment Relations Board, the agency which administers collective bargaining agreements for public employees, determined that it would no longer enforce any statutory or regulatory provision requiring nonmembers to pay agency fees.  (Ex. A to State Defs.' Mot. at 2).

In the summer of 2019, Plaintiffs decided to leave the union.  (FAC ¶ 53).  They inquired about dropping membership in July 2019 and later submitted membership resignations via certified mail in or around September 2019.  (*Id.* ¶¶ 54–56).  In October 2019, Plaintiffs received a reply from CSLEA Membership Coordinator Kara Gapke stating she would not approve Plaintiffs' resignations because "the window [had] closed." (*Id.* ¶ 57).

The "window" referred to the time period during which union members could resign their membership, as detailed in a memorandum of understanding ("MOU") between CSLEA and the State.  (*Id.* ¶ 58).  The current MOU was finalized in July 2019 and expires July 1, 2023.  (*Id.*).  The MOU contains an organizational security provision, Article 3.1(A)(1), which requires union members to pay dues for the duration of the bargaining agreement:

> A written authorization for CSLEA dues deductions in effect on the effective date of this Contract or thereafter submitted shall continue in full force and effect during the life of this Contract; provided, however, that any employee may withdraw from CSLEA by sending a signed withdrawal letter to CSLEA within thirty (30) calendar days prior to the expiration of this Contract. (FAC ¶¶ 59–60).

Cal. Gov. Code § 3515.7(a) provides that unions may enter into an organizational security arrangement with the State in the form of "maintenance of membership."  Under Cal. Gov. Code § 3513(i), "maintenance of membership" means that all state employees who voluntarily become members of a union shall remain members for a period agreed to in the MOU.  The provision does not apply to any employee who withdraws from the union by submitting a signed letter within thirty days prior to the expiration of the collective bargaining agreement.  *Id.*

State law further sets out the process by which union dues are deducted from members' wages.  Cal. Gov. Code § 3515.7(b) authorizes the State to remit funds deducted from employee wages to the unions. Under § 1152, employee organizations may request that the State deduct membership dues and other fees from union members' wages, and the

State Controller processes such deduction requests pursuant to the procedures set forth in § 1153.  Plaintiffs allege that they have revoked the authority to deduct dues from their wages and object to union membership, but that union dues continue to be deducted from their wages.  (FAC ¶ 63).

On January 6, 2020, Plaintiffs filed the present case against CSLEA, Betty Yee in her official capacity as State Controller, and Xavier Becerra in his official capacity as Attorney General.  Plaintiffs filed a First Amended Complaint on May 15, 2020.  Plaintiffs allege, individually and on behalf of all putative class members, that Defendants violated Plaintiffs' First Amendment rights by: (1) refusing to accept Plaintiffs' resignation from union membership, (2) continuing to deduct union dues from Plaintiffs' paychecks, and (3) compelling Plaintiffs to join the union by threat of a fee.  Plaintiffs also assert two state law claims against CSLEA, alleging that CSLEA committed the tort of fraudulent concealment and that CSLEA's membership applications are void for unconscionability.  Plaintiffs seek declaratory and injunctive relief, nominal damages, compensatory damages, punitive damages, restitution, and attorneys' fees and costs.  The present motions followed.

## II.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."  *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted).  A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.

## DISCUSSION

### A. Plaintiffs' First Amendment Claims

Plaintiffs' first three causes of action are premised on violations of their First Amendment rights. They assert that the statutes relating to union membership and dues deductions are unconstitutional and that Defendants violated their First Amendment rights as secured by the Fourth Amendment and 42 U.S.C. § 1983. CSLEA argues that *Janus* is inapplicable to union members like Plaintiffs, and that the First Amendment does not invalidate Plaintiffs' contractual commitments. The State Defendants argue that State Controller Yee enjoys Eleventh Amendment immunity; that Plaintiffs lack standing; that Plaintiffs' constitutional challenges fail because Plaintiffs consented to union membership and dues deductions; and that Plaintiffs' third cause of action fails to plead sufficient facts.

To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

1. Claims Against CSLEA

Plaintiffs' § 1983 claims against CSLEA are based on the assertion that CSLEA violated Plaintiffs' First Amendment rights. Plaintiffs claim (1) they have a right to resign union membership, which is violated by Defendants' enforcement of the "maintenance of membership" policy; (2) the continued deduction of dues from their wages violates their First Amendment right to be free from compelled speech because they did not affirmatively waive their right to not fund union advocacy, and (3) they were unconstitutionally

5

compelled to join CSLEA because had they declined membership, they would still have been required to pay agency fees.  However, Plaintiffs do not adequately plead valid claims, because by signing CSLEA membership applications, they affirmatively consented to union membership, including limitations on withdrawal and dues deductions.  The holding in *Janus* does not apply to such voluntary agreements.

Relying on *Janus*, Plaintiffs contend that restricting their ability to resign union membership and continuing to deduct dues from their wages violates the First Amendment.  In *Janus*, the Supreme Court concluded that a state could not require the payment of fees from public employees who declined to join a union, because such an arrangement compelled nonmembers to subsidize private speech in violation of the First Amendment.  138 S. Ct. at 2460.  It held that "[n]either an agency fee nor any other payment to the union may be deducted from a *nonmember's* wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* at 2486 (emphasis added).

*Janus* is inapplicable to Plaintiffs' situation, because Plaintiffs are union members, unlike the nonmembers at issue in *Janus*.  Plaintiffs argue that the deduction of dues from *any* nonconsenting public employee is a First Amendment violation.  (Pls.' Opp'n to CSLEA's Mot. 5–6).  Plaintiffs do not cite to any case that extends the holding of *Janus* to union members.  *Cf. Belgau v. Inslee*, No. 18-5620 RJB, 2018 WL 4931602, at *5 (W.D. Wash. Oct. 11, 2018) ("*Janus* says nothing about people [who] join a Union, agree to pay dues, and then later change their mind about paying union dues.").

Moreover, despite Plaintiffs' contention that they did not waive their constitutional right to not fund union advocacy (FAC ¶¶ 81–82), Plaintiffs consented to the terms of union membership.  When Plaintiffs became members of CSLEA, they signed a membership application that explicitly authorized dues deductions and stated that there were limitations on the time period for withdrawal.  (FAC ¶¶ 40–41; Ex. 2 to FAC).

The membership application is a contract between Plaintiffs and CSLEA.  "[T]he First Amendment does not confer … a constitutional right to disregard promises that would

otherwise be enforced under state law[.]" *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991).  The Ninth Circuit recently held, in an unpublished decision, that the continued deduction of union dues in accordance with the provisions of a signed membership agreement did not violate plaintiffs' First Amendment rights.  *See Fisk v. Inslee*, 759 F. App'x 632, 633–34 (9th Cir. 2019) ("[T]he First Amendment does not preclude the enforcement of 'legal obligations' that are bargained-for and 'self-imposed' under state contract law.") (quoting *Cohen*, 501 U.S. at 668–71).

The Court joins the numerous others that have held *Janus* inapplicable in circumstances where employees voluntarily join a union and authorize the deduction of dues. *See Quirarte v. United Domestic Workers AFSCME Local 3930*, 438 F. Supp. 3d 1108, 1118 (S.D. Cal. 2020) ("Plaintiffs have not cited to, and the Court has been unable to find on its own, any case that has broadened the scope of *Janus* to apply Plaintiffs' waiver requirement argument when employees voluntarily agree to become members of the union and authorize the deduction of union dues."); *O'Callaghan v. Regents of the Univ. of California*, No. CV 19-02289-JVS(DFMx), 2019 WL 2635585, at *3–4 (C.D. Cal. June 10, 2019) ("[N]othing in *Janus*'s holding requires unions to cease deductions for individuals who have affirmatively chosen to become union members and accept the terms of a contract that may limit their ability to revoke authorized dues-deductions in exchange for union membership rights … merely because they later decide to resign membership."); *Mendez v. California Teachers Ass'n*, 419 F. Supp. 3d 1182, 1186 (N.D. Cal. 2020) (*Janus* does not preclude enforcement of union membership and dues deduction authorization agreements where employees voluntarily join union) (citing cases);  *see also Hendrickson v. AFSCME Council 18*, 434 F. Supp. 3d 1014, 1024 (D.N.M. 2020) ("[E]ach court that has examined this issue has rejected the claim that *Janus* entitles union members to resign and stop paying dues on their own—rather than on the contract's—terms.") (citing cases).

The recent decision in *Cooley v. California Statewide Law Enforcement Ass'n* is instructive here.  385 F. Supp. 3d 1077 (E.D. Cal. 2019).  In *Cooley*, the plaintiff alleged that CSLEA violated his constitutional rights by refusing to accept his resignation from

union membership and continuing to deduct union fees from his wages.  *Id.* at 1078.  The membership application that the plaintiff signed in *Cooley* contained the same provisions regarding withdrawal and dues deductions as the one Plaintiffs signed here.  *See Cooley v. California Statewide Law Enf't Ass'n*, No. 2:18-CV-02961-JAM-AC, 2019 WL 331170, at *3 (E.D. Cal. Jan. 25, 2019).  The court found that CSLEA was contractually authorized to continue deducting dues from plaintiff's wages, and that "*Janus* did not explicitly announce the right of resignation [Plaintiff] seeks to enforce."  *Cooley*, 385 F. Supp. 3d at 1079; *see also Campos v. Fresno Deputy Sheriff's Ass'n*, 441 F. Supp. 3d 945, 957 (E.D. Cal. 2020) ("*Janus* does not recognize a right for union members to unilaterally drop their membership and stop paying dues.").  For the same reasons, Plaintiffs here do not adequately state a claim.

Next, Plaintiffs contend that they were unconstitutionally compelled to join CSLEA, because under the organizational security arrangement between CSLEA and the State, pursuant to Cal. Gov. Code §§ 3515.6, 3515.7(a)(b), 1152, 1153, and MOU Art. 3.1(a), employees who declined union membership were still required to pay a fee.  This agency fee scheme that Plaintiffs challenge is no longer enforced in the wake of *Janus*.  (*See supra*; Ex. A to State Defs.' Mot. at 2).  This claim likewise fails.

The fact that the relevant statutes permitted deductions from union nonmembers prior to *Janus* does not mean that Plaintiffs' membership was compelled.  At the time Plaintiffs made the choice to join the union, Plaintiffs' right to opt out of union membership was well-established.   Under California law, public employees like Plaintiffs are guaranteed the "free choice of joining the union" or "refraining from participation in any union."  *Cumero v. Pub. Employment Relations Bd.*, 49 Cal. 3d 575, 601, 778 P.2d 174, 190 (1989).  At all times, Plaintiffs could have chosen not to sign the membership application pursuant to their First Amendment right to decline to join a union.  Nevertheless, Plaintiffs signed the membership application and thereby agreed to its terms.  Plaintiffs "voluntarily chose to pay membership dues in exchange for certain benefits, and the fact that plaintiffs would not have opted to pay union membership fees if *Janus* had

been the law at the time of their decision does not mean their decision was therefore coerced." *Babb v. California Teachers Ass'n*, 378 F. Supp. 3d 857, 877 (C.D. Cal. 2019) (internal citation and quotation marks omitted). *Janus* does not change the fact that a person has the right to contract away their First Amendment protections, as Plaintiffs did here. *See Cooley*, 385 F. Supp. 3d at 1080 ("[A]n intervening change in law does not taint that consent or invalidate [the] contractual agreement."). Plaintiffs dispute that they voluntarily consented to the terms of union membership, but to the extent that Plaintiffs argue their signed membership applications are not valid contracts, that is a state law issue.

Plaintiffs fail to allege any violation of their First Amendment rights because *Janus* is inapplicable to union members like Plaintiffs, who agreed to become dues-paying members of CSLEA and agreed to restrictions on when they could withdraw from union membership. Plaintiffs thus fail to adequately plead their claims against CSLEA.

2. Claims Against State Defendants

Plaintiffs challenge Cal. Gov. Code §§ 1152, 1153, 3513(i), 3515.6, 3515.7(a), 3515.7(b), and MOU Art. 3.1(A)(1) as unconstitutional, asserting that the statutes and MOU compel their union membership and compel the State to deduct union dues from Plaintiffs' wages, and thereby violate the First Amendment. Even assuming Plaintiffs' claims against the State Defendants are justiciable, their constitutional challenges fail because Plaintiffs agreed to join the union.

Under Cal. Gov. Code § 3515.7, unions may enter into "maintenance of membership" organizational security arrangements with the State. "Maintenance of membership" applies to "all employees who voluntarily are, or who voluntarily become, members of a recognized employee organization." Cal. Gov. Code § 3513(i). Cal. Gov. Code § 3515.6 provides that employee organizations have the right to have membership dues deducted pursuant to sections 1152 and 1153. Deduction of membership dues "may be requested by employee organizations" and the State employer "shall honor these requests." § 1152. The Controller then provides for the administration of payroll deductions: after the Controller receives notification from an employee organization that it

9

1    possesses a written authorization for deduction, the Controller shall commence deductions

2    at the request of the employee organization.  § 1153(a),(g).  Art. 3.1(A)(1) of the MOU

3    provides that union members' written authorization for dues deductions shall continue for

4    the duration of the bargaining agreement.  (FAC ¶¶ 59–60).

5           The statutes and the MOU do not compel involuntary membership or deductions.

6    Plaintiffs' purported injuries arise out of their decision to become union members.

7    California law does not compel employees to enter into union membership; at all times,

8    Plaintiffs had a right to not join a union.  *See* Cal. Gov. Code § 3515.  As discussed above,

9    Plaintiffs made a choice to join CSLEA when they signed their membership applications.

10   Employees who "*voluntarily* become members of a union," as Plaintiffs did here, are

11   required to remain members for the duration of the bargaining agreement, with a limited

12   window in which they may withdraw.  *See* Cal. Gov. Code § 3513(i) (emphasis added).

13   The State deducts dues from Plaintiffs' wages at the request of the union, pursuant to

14   Plaintiffs' signed membership applications which authorized such deductions.  As in

15   *Cooley*, Plaintiffs' constitutional argument "hinges on a finding that [Plaintiffs] ha[ve] a

16   First Amendment right to immediately resign union membership and cease paying dues.

17   But, as discussed above, *Janus* did not announce such a right and no such right exist[s]

18   here."  *Cooley*, 385 F. Supp. 3d at 1081 (dismissing constitutional challenge to §§ 1152,

19   1153).  Plaintiffs were not compelled by state law to join CSLEA, to authorize dues

20   deductions, or to agree to the limited window in which to resign.  Rather, they agreed to

21   do so, and the intervening change in law announced by *Janus* did not invalidate the

22   contracts into which Plaintiffs freely entered.  *See supra*.

23          Plaintiffs' contentions that they did not voluntarily consent to the terms of the

24   membership agreements, or that their membership agreements are otherwise invalid

25   contracts, are no basis for challenging the constitutionality of the statutes.  Any contract

26   dispute would be between Plaintiffs and the union.  *See Belgau v. Inslee*, 359 F. Supp. 3d

27   1000, 1017 (W.D. Wash. 2019) ("To the extent that the Plaintiffs now argue that the

28   membership agreement was not supported by consideration … or make some other

assertion of validity based on contract law, they make no showing that the State Defendants are now liable under the First Amendment for those alleged failings."); *Mendez*, 419 F. Supp. 3d 1182, 1186 (N.D. Cal. 2020) ("To the extent plaintiffs allege that the Union defendants misinformed them about their legal obligations to join the union or pay membership dues, their claims would be against the Union defendants under state law."). The State is not a party to the membership agreement between CSLEA and Plaintiffs, and Plaintiffs "cannot now invoke the First Amendment to wriggle out of [their] contractual duties." *See Smith v. Superior Court, County of Contra Costa*, No. 18-cv-05472-VC, 2018 WL 6072806 at *1 (N.D. Cal. Nov. 16, 2018). Plaintiffs' First Amendment claims against the State Defendants are therefore dismissed.

3. Conclusion

Plaintiffs' First Amendment claims are premised on the assertion that Plaintiffs have the right to resign union membership and end the deductions of union dues whenever they so choose. However, as discussed above, courts overwhelmingly agree that *Janus* does not recognize such rights. Just as in *Cooley*, Plaintiffs' suit "rises and falls with [their] claims of constitutional rights violations under *Janus*." 385 F. Supp. 3d at 1082. Because Plaintiffs are unable to establish any theory under which relief can be granted based on a violation of their First Amendment rights, Plaintiffs fail to state plausible claims. *See id.* Accordingly, Plaintiffs' First Amendment claims are dismissed.

**B. State Law Claims**

Plaintiffs' fourth and fifth causes of action are state law tort and contract claims against CSLEA. The Court may "decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court therefore declines to exercise jurisdiction over Plaintiffs' state law claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, Defendants' motions to dismiss Plaintiffs' FAC are GRANTED.  Counts 1, 2, and 3 are dismissed with prejudice.  Counts 4 and 5 are dismissed without prejudice.

**IT IS SO ORDERED**.

Dated:  September 8, 2020

Hon. Dana M. Sabraw
United States District Judge

20-cv-00032-DMS-DEB